The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
****************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Prior to the hearing the parties entered into a Pre-Trial Agreement which is hereby incorporated by reference as if fully set out herein and in which the parties agreed to a number of jurisdictional and other factual stipulations, including the attached medical and vocational records.
2. The deposition of Dr. Mark E. Brenner, taken on 6 December 1995, is allowed into evidence.
3. The Industrial Commission's prior Opinion and Awards are hereby incorporated by reference as if fully set out herein.
****************
EVIDENTIARY RULING
All objections raised during the deposition of Dr. Mark E. Brenner were ruled upon in accordance with law and the Opinion and Award rendered in this matter.
****************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was an unemployed, 39 year-old female who is German native and who initially came to the United States for a period of four years in 1978 before returning here for good in 1985. In Germany she obtained the United States equivalent of a tenth or eleventh grade education. Although, as indicated by the stipulated September 30, 1994 correspondence of the vocational coordinator involved, plaintiff has been working on obtaining her GED or so-called high school equivalency certificate, plaintiff has not yet completed the program. Her other prior work experience has involved working as a baker in a doughnut shop, a counter person in another doughnut shop, a counter person at a delicatessen and a cashier/stockperson at a convenience store.
2. Plaintiff was employed by defendant Eagle Electric as an assembler doing production line work requiring the type of repetitive use of her hands responsible for the admittedly compensable bilateral carpal tunnel syndrome that has been subject of multiple prior Industrial Commission Awards compensating plaintiff for her resulting total and partial disabilities. Pursuant to the last Award in I.C. File No. 371440 plaintiff has continued to receive temporary total disability benefits since June 2, 1994.
3. When her hand problems remained unresponsive to the prolonged course of conservative treatment that plaintiff initially received from Dr. Alexander at the Sanford Medical Group, plaintiff was referred to an orthopedic surgeon, Dr. Mark E. Brenner, who ultimately performed corrective surgery involving a right carpal tunnel release on January 31, 1994, followed by a left carpal tunnel release on April 11, 1994.
4. Plaintiff ultimately reached maximum medical improvement and/or the end of the healing period from and following her admittedly compensable bilateral carpal tunnel syndrome giving rise hereto and the corrective surgeries necessitated thereby on or about November 3, 1994. At this time plaintiff retained five percent permanent partial disabilities of each hand. As a result thereof and because of her permanent hand injuries, plaintiff is not only unable to return to her regular production line work as an assembler for defendant-employer or any other work requiring her to lift more than thirty pounds occasionally and ten pounds frequently or involving repetitive grasping, pushing, pulling or fingering or driving more than thirty minutes at a time twice a day.
5. Plaintiff has not returned to work since the Industrial Commission's last Award of temporary total disability benefits. Pursuant to this award, plaintiff has continued to receive the same benefits since June 2, 1994 and presumptively remains totally disabled until she returns to work. Further, there is no convincing, credible evidence that work is currently available for someone of plaintiff's age, education, background and work experience having the physical limitations she does — much less that she can obtain work. Plaintiff has herself made a reasonable, but unsuccessful attempt to find suitable work. Despite defendant-employer assigning a vocational coordinator to assist her in obtaining suitable work and, as indicated by the previously-mentioned stipulated September 30, 1994 correspondence of the same vocational coordinator, plaintiff has been cooperative in his efforts; plaintiff has not been offered any type of work. To the extent that defendant-employer desires to continue to provide vocational rehabilitation assistance to plaintiff; she is obligated to cooperate in any reasonable vocational rehabilitation efforts or be subject to have her benefits suspended if she does not. However, the evidence of record indicates that she has cooperated with those efforts.
6. Although plaintiff has also developed seropositive rheumatoid arthritis in her hands, which is not work-related, and as a result on September 26, 1994 Dr. Brenner referred her to Dr. Alston, a rheumatologist, for treatment. Not only did her rheumatoid arthritis improve with treatment, but at the time of developing the same condition she was already totally disabled by her admittedly compensable bilateral carpal tunnel syndrome, was still receiving benefits for her resulting total disability under the Commission's last Award in I.C. File No. 371440 since June 2, 1994 and her disability presumptively continued under the same Award until she returns to work, which has not yet occurred.
****************
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
As a result of the admittedly compensable bilateral carpal tunnel syndrome giving rise to multiple prior Opinion and Awards herein plaintiff has remained totally disabled since the Opinion and Award of temporary total disability benefits in I.C. File No. 371440 entitling her to compensation at a rate of $279.50 per week from June 2, 1994 to the scheduled hearing date. Such compensation shall continue thereafter at the same rate so long as she remains totally disabled, subject to a change of condition, medical or employment, as well as a credit for the benefits that defendants have continued to pay under the Industrial Commission's last Award since June 2, 1994. N.C. Gen. Stat. § 97-29.
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay plaintiff, on account of her continuing total disability, compensation at a rate of $279.50 per week from June 2, 1994 and thereafter continuing at the same rate so long as she remains totally disabled, subject to a credit for the compensation benefits that they have continued to pay under the Industrial Commission's last Award in I.C. File No. 371440 since June 2, 1994.
2. Defendants shall forward every fifth compensation check payable under the above Award directly to plaintiff's counsel for her fee.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the bilateral carpal tunnel syndrome giving rise hereto when bills for the same are submitted in accordance with the Industrial Commission rules.
4. Defendants shall bear the costs, including as part thereof an expert witness fee in the amount of $300.00 to Dr. Mark E. Brenner, who appeared by way of deposition and gave expert medical testimony herein.
This is the 8th day of January 1997.
 S/ _____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ J. RANDOLPH WARD COMMISSIONER
S/ _____________________ COY M. VANCE COMMISSIONER